{¶ 32} I would affirm the judgment of the trial court granting the motion to suppress because I believe the majority has applied the wrong legal standard in this case.
 {¶ 33} Where an arrest, detention or seizure of the person occurs without benefit of a warrant, the arrest is per se unreasonable and unlawful unless one of the well-defined exceptions to the requirement for a warrant is clearly demonstrated. The *Page 12 
burden of demonstrating the existence of an exception is upon the government. No such demonstration occurred here.
 {¶ 34} As a general rule, the decision to stop an automobile is reasonable, within the meaning of the Fourth Amendment, where the police have probable cause to believe that a traffic violation has occurred.Whren v. United States (1996), 517 U.S. 806, 810, 116 S.Ct. 1769. It is further established that "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Dayton v. Erickson,76 Ohio St.3d 3, 1996-Ohio-431, syllabus.
 {¶ 35} There are two types of traffic stops, each requiring a different constitutional standard. State v. Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128, at 4. One is a typical non-investigatory stop where an officer directly observes a traffic violation, giving rise to probable cause to stop the vehicle. Whren, supra. The second is an investigative or "Terry" stop, which occurs where an officer has a reasonable suspicion based upon specific articulable facts that criminal behavior has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1,21, 88 S.Ct. 1868.
 {¶ 36} I believe that the majority's reliance on State v. Mays, N.E.,2008-Ohio-4539, is misplaced as well. In that case, the Supreme Court of Ohio erroneously applied a reasonable suspicion standard to the traffic stop at issue instead of the constitutionality sound common law rule that requires probable cause to justify a traffic stop based on a violation of the traffic code. *Page 13 
 {¶ 37} In this case, the majority has confused the "reasonable suspicion" standard that applies to an investigative stop with the stricter probable cause standard that applies to a run of the mill non-investigatory stop for violation of the traffic code. The correct issue, therefore, was whether the deputy had probable cause to stop Mr. Stokes for a traffic violation.
 {¶ 38} I agree with the trial court that the basis for the stop was not well-founded and inadequate. The statute that Mr. Stokes was accused of violating states that the operator of a motor vehicle shall not follow another vehicle "more closely than is reasonable andprudent, having due regard for the speed of such vehicle * * * and the traffic upon and the condition of the highway." R.C. 4511.34. (Emphasis added.) Mr. Stokes was driving under the posted speed limit in moderate to heavy traffic on I-70 East near I-270. As anyone who has driven that stretch of highway knows, it is nearly impossible, and in reality dangerous, to stay six car lengths behind a vehicle because other drivers see the gap and dart in front of the driver. The trial court took into consideration that it is possible to get closer than 20 feet to a vehicle and not be operating in an unsafe fashion, particularly if one is in the right lane, as Mr. Stokes was.
 {¶ 39} The deputy testified that the fact that Mr. Stokes was a black male approximately 33 years old driving a silver Cadillac with the license tag "RAW DEAL" had absolutely no bearing on the reason he made the traffic stop. (Tr. 37.) Nevertheless, the problem of young African-American males being restrained of their liberty for no apparent reason is well-known. The problem has become so wide-spread as to cause the development of the phrase "driving while black." See David A. Harris, "Driving While Black" and All Other Traffic Offenses: The Supreme Court and *Page 14 
Pretextual Traffic Stops (1997), 87 J. Crim. L. Criminology 544, 546. Even if the real reason for the stop was to search for drugs, the deputy still needed probable cause to stop the vehicle for a traffic violation. Under the facts of this case, I would defer to the trial court's factual determination. *Page 1